" The suit is really between Stanton, the one who placed the horse with Nichols for sale, and Mr. McKnight.

" The purchase-money has not been paid over by Nichols to Stanton, but it no doubt will be in case your verdict should be in Nichols' favor.

" The defendant's counsel has requested me to charge:—

" ' If the jury find the horse was sound when sold, and was returned unsound within the time specified in the contract, that would not be an acceptance of the horse and rescission of the contract.'

" Answer: That is so, gentlemen, but if you find the plaintiff's use of the horse was not unreasonable, and he did not over-drive it, then the plaintiff can recover, if the horse was returned on account of the breach of warranty." [5]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–4) the portions of charge as above, quoting them, and (5) the answer to defendant's point, quoting point and answer.                        •

*L. R. Fletcher*, for appellant, cited Logans v. Mathews, 6 Pa. 417 ; Collins v. Bennett, 46 N. Y. 490.

*A. S. L. Shields*, for appellee, was not heard.

PER CURIAM, January 6, 1892.
Judgment affirmed.


Nelson's Estate.    Fidelity Insurance, etc., Co.'s Appeal.

Where a second will in express terms revokes a former will, but refers to certain bequests in the former will and re-enacts them, both wills are entitled to probate, but the executor named in the former will is not entitled to letters testamentary.

Argued Jan. 7, 1892.  Appeal No. 414, Jan. T., 1891, by Fidelity Insurance, Trust and Safe Deposit Co., from decree of O. C. Phila. Co., Oct. T., 1890, No. 229, dismissing appeal from register of wills.    Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

On Jan. 29, 1891, the Fidelity Insurance Trust and Safe Deposit Co. appealed from the decision of the register of wills refusing to issue to them letters testamentary on the estate of Jane Nelson, deceased. From the petition it appeared that on April 6, 1885, Jane Nelson executed a will leaving the residue of her estate after payment of debts to her brother William Nelson for life with remainder to Evan O. Kane, Harriet Amelia Kane, Elisha Kent Kane and Thomas Leifer Kane. Of this will she appointed as executor the Fidelity Insurance Trust and Safe Deposit Co. In 1890 Wilbour Nelson died, bequeathing his sister Jane his entire estate, amounting to $18,000. On June 25, 1890, Jane Nelson executed a second will by which in accordance with her brother's request she bequeathed all the estate derived from him to certain relatives named. This will contained inter alia the following clauses:

" I, Jane Nelson, of Germantown, Philadelphia, Pa., being of sound and disposing mind and memory do make and ordain this my last Will and Testament for the disposal of my earthly estate, hereby revoking all former wills by me at any time heretofore made.

" I desire to carry out my brother's wishes expressed to me and also to my executor hereinafter named, viz.: That all of my legacy bequeathed to me by my brother the late Wm. Nelson that shall be remaining in my estate at the time of my death I give, devise and bequeath unto his and my cousins they being our nearest relatives, viz.: Margaret, widow of Jas. Nelson, Wm. Nelson, and Robert James, they to have share and share alike.

" Out of the residue of my estate I give, devise and bequeath unto Mrs. Elizabeth D. Kane and her children so far only and in such manner as is expressed and provided in a certain will by me last previously to this made, hereby re-enacting so much of said will as refers to bequests made to the said Mrs. Kane and her children but only out of that part of my estate other than the legacy above referred to received from my late brother Wm. Nelson."

Of this will Charles A. Spiegel was appointed executor.

The register of wills admitted to probate the will of June 25, 1890, and subsequently admitted to probate the will of April 6, 1885, in compliance with a decree of the orphans' court. He

granted letters testamentary to Charles A. Spiegel, but refused them to the appellant.

The orphans' court in an opinion by HANNA, P. J., held that the first will had been expressly revoked by the later will, except as to the legacies to the Kanes, and that appellant was not entitled to letters testamentary. The court cited and relied upon Goods of Lowe, 3 Sw. & Tr. 478, in support of the decision. A decree was entered dismissing the appeal. The Fidelity Insurance Trust and Safe Deposit Co. then took this appeal.

*Errors assigned* were (1) the dismissal of the appeal from the register of wills, (2) the refusal to direct the register to issue letters to the appellant, (3) the refusal to direct the register to join the appellant in the letters issued to Charles A. Spiegel.

*John M. Gest*, for appellant.

No paper book was filed contra.

PER CURIAM, January 7, 1892.
Decree affirmed.


## Groll et al. *v.* Gegenheimer, Appellant.

*Appeals—Amicable action of ejectment—Waiver of appeal.*

No appeal lies to the Supreme Court from a refusal of the court below to open a judgment entered in an amicable action of ejectment under a warrant in a lease, where the lessee has waived his right to an appeal in the lease upon which judgment was entered.

Argued June 12, 1892. Appeal No. 93, July T., 1891, by defendant, from order of C. P. No. 4, Phila. Co., March T., 1891, No. 779, discharging a rule to open judgment and stay writ of habere facias possessionem. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

On April 4, 1891, judgment was entered by Andreas Groll and August F. Brecht against Frederick Gegenheimer in an amicable action of ejectment on a warrant to confess judgment. The lease containing the warrant provided that upon default in the payment of rent " any attorney may immediately there-