## Barrett's Estate.

*Wills—Legacies—Specific legacies—Money legacies.*

Where a testator gives legacies of specified amounts payable out of a fund standing in his name in a bank, the amount of which he does not mention in his will, and gives the residue of such fund to his daughter, and it appears that such fund was the entire personal estate of the testator, and it also appears that after expenses of administration had been deducted, the fund was insufficient to pay the money legacies, nothing is payable to the daughter, as the gift of the residue was not specific, and there was in fact no residue.

Submitted Dec. 8, 1902. Appeal, No. 168, Oct. T., 1902, by Norristown Trust Company, guardian of Elsie Barrett and Lottie Barrett, minors, from decree of O. C. Montgomery Co., dismissing exceptions to adjudication in estate of Jesse Barrett, deceased. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Exceptions to adjudication. Before VOSBURG, P. J., specially presiding.

The facts appear by the opinion of the Superior Court.

*Error assigned* was in deciding that the legacies to Elsie, Lottie and Edward Barrett must abate.

*J. P. Hale Jenkins*, for appellant.—If stock or money be specifically given in fractional parts, and if the person to whom the last fraction or part is given be appointed to take it as the residue or remainder of a specific fund, whatever may be its amount, then, on deficiency of assets, he, as residuary legatee, will only be entitled to the surplus of the fund after full satisfaction of the other aliquot parts specifically bequeathed: Danvers v. Manning, 2 Bro. C. C. 18 ; Long v. Short, 1 P. Wms. 403 ; McGlaughlin v. McGlaughlin, 24 Pa. 20.

*Henry J. Fox*, for appellee.—Where the gift is of the fund itself in whole or in part, or so charged upon the object made subject to it as to show an intent to burden that object alone with the payment, it is esteemed specific : Walls v. Stewart, 16

Pa. 275 ; Cryder's Appeal, 11 Pa. 72 ; Smith's Appeal, 103 Pa. 559 ; Welch's Appeal, 28 Pa. 363 ; Grim's Appeal, 89 Pa. 333 ; Armstrong's Appeal, 63 Pa. 312 ; Haddock's Est., 16 W. N. C. 196 ; Barclay's Est., 10 Pa. 387 ; Hallowell's Est., 23 Pa. 223 ; Duncan v. Alt, 3 Penrose & Watts, 382.

OPINION BY SMITH, J., January 20, 1903 :

In the case before us, the testator, having in bank a deposit of $2,415.38, by his will thus disposed of it:

" 2. I give, devise and bequeath to each of my granddaughters, Elsie and Lottie Barrett, the sum of four hundred ($400) dollars, and to my grandson Edward Barrett the sum of three hundred ($300) dollars.

" 3. I order and direct that the above bequests shall be paid out of the sum of money now standing in my name and on deposit at the Montgomery Insurance, Trust and Safe Deposit Company, of Norristown, Pa.

" 4. The rest, residue and reminder of said deposit, after the above bequests have been paid, I give, devise and bequeath unto my daughter Sallie, wife of Walter S. Hutchinson."

Payments by the executor, in the course of administration, reduced the fund to $1,612.81. The testator's widow, electing to take against the will, received one third of this. The remainder, $1,075.21, was thus distributed to the legatees by the court below : To Elsie Barrett and Lottie Barrett, each $178.06 ; to Edward Barrett, $132.55 ; to Sallie Hutchinson, $585.54. This distribution was based on the amount of the deposit at the death of the testator, and was reached by treating the residuary bequest as specific for the difference between the deposit and the sum of the preceding bequests, and abating all the legacies, proportionately, to meet the claims paid out of the fund.

There is no warrant in law for thus abating the legacies to the grandchildren. Those legacies are specific, in being fixed portions of a specified fund. The legacy to the testator's daughter is not specific. The rule on this point is clearly stated, and the authorities given, in the American and English Encyclopedia of Law 2d Ed. vol. 18, page 717, et seq : " A bequest of the residue of a specific fund is specific, where the testator estimates the residue in money, his intent being to apportion the

fund among the beneficiaries." This is illustrated by the case of Haslewood v. Green, 28 Beav. 1, in which the bequests were, to one person the sum of five hundred pounds out of a specified fund of eight hundred pounds, and to another " the remaining part of the said principal eight hundred pounds, that is, three hundred pounds." Here each legacy was held to be specific. But, to quote further, " the gift of the residue is not specific if the fund is given subject to debts, or subject to the payment of specific gifts, even though the testator estimates the amount in money, or if the fund is in any way fluctuating in amount, so that the testator cannot estimate what the exact amount of it will be." Petre v. Petre, 14 Beav. 197, and Vivian v. Mortlock, 21 Beav. 252, are cited as holding that " though the fund is in fact definite in amount, if the testator merely describes it generally, without estimating it in figures, the gift of the residue is not specific."

In the case in hand, the testator fixes, specifically, the amounts bequeathed to his grandchildren. But he does not state the amount of the fund, or of the residue given to his daughter. In fact, as to the residue, the conditions were such that not only was an estimate of its amount impossible, but even its existence was uncertain. Excepting the sum of $17.44, the deposit was the entire personal estate of the testator. From the absence of any other provision in the will, the law made it subject to claims that reduced it one third; and it was also subject, in law, to the widow's right, against the will, to one third of the remainder. On principle, therefore, the bequest of the residue of the fund was not a specific legacy. Furthermore, the law regards the first taker as the primary object of the testator's bounty, and the will is to be so construed, if possible, as to make the gift to such person effectual : Rewalt v. Ulrich, 23 Pa. 388 ; McFarland's Appeal, 37 Pa. 300 ; Wilson v. McKeehan, 53 Pa. 79 ; Grim's Appeal, 89 Pa. 333. In the present case, it is impossible to give the will any other construction. The terms in which the bequests are made show, beyond question, the testator's purpose to make the residue subject to the preceding bequests. He first gives specific sums to his grandchildren ; he then designates the fund from which these are to be paid ; and lastly he bequeaths to his daughter only " the rest, residue and remainder of said deposit after the above be-

quests have been paid." His intention to give his grandchildren absolutely the specified amounts, and his daughter only so much of the deposit as remained, be it more or less, could not well be more distinctly expressed. A reason for this discrimination may be found in the fact that he gives the daughter a cumulative legacy, payable out of the proceeds of his real estate, which, as shown by the account, netted $19.43 from the income and $1,243.83 from principal, besides one half of $1,243.83 on the death of the testator's widow, who receives it for life.

As the fund for distribution is insufficient to pay the legacies to the grandchildren, it must be distributed among them pro rata. There being no residue, the daughter, under the terms of the will, receives nothing from the bank deposit.

The decree is reversed, and it is ordered that distribution be made in accordance with this opinion.