## Mifflin's Estate.

*Wills—Codicils—Republication—Revocation.*

1. A will and the codicils thereto are to be read together, and all the parts which are not inconsistent with the latest expression of the testator's intention are brought down to the date of the last codicils, and are to be given effect.

2. A new will revokes a former will, but a codicil ratifies the preceding will, except as to changes expressly indicated. A revocation is not to be presumed in the case of a codicil. It is only when they are irreconcilably contradictory that the dispositions contained in the codicil revoke those made by the will or a preceding codicil.

3. A gift once made by a will is not to be cut down by a subsequent codicil unless the intention of the testator to that effect clearly appears, or a necessary implication arises. A codicil should be so construed as to give effect to all the provisions of the will if that can possibly be done.

4. It may appear that a clause devising and bequeathing property is a residuary clause, although the technical description is not expressed. The word "residue" is not necessary if the intention of the testator is otherwise made reasonably apparent.

5. Where a testatrix by the first codicil to her will gives to a legatee all the money which she had on deposit in any bank or trust company, and by a second codicil gives two pecuniary bequests to servants followed by a gift of all her estate, real, personal and mixed, in trust for certain purposes, and the second codicil refers to the first codicil to the will "hereby republishing and intending to republish the same in every respect except as herein and hereby modified, altered and amended," the legacy given in the first codicil and the pecuniary bequests to the two servants in the second codicil are not revoked by anything contained in the concluding words of the second codicil.

Argued Dec. 15, 1911. Appeal, No. 253, Oct. T., 1911, by John B. Large, from decree of O. C. Phila. Co., dismissing exceptions to adjudication in Estate of Ann P. Mifflin, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that the testatrix executed a will on June 14, 1889, bequeathing her estate to James

Large, her nephew, in trust to pay the income to Lily S. Mifflin, widow of her son, James Mifflin, for life, or so long as she remained his widow, then over.

By a codicil dated May 4, 1903, after reciting the death of James Large, testatrix gave to Lily S. Mifflin all money on deposit in any bank or trust company, the contents of her city house 1824 Spruce street, wearing apparel, jewelry, and all personal property at decedent's country home, "Hillside," any article or ornamental china and bric-a-brac she might select, and all of the decedent's accumulated income invested since May 15, 1899. She then made certain changes in disposition of her residuary estate subsequent to the life estate given by her will to Lily S. Mifflin.

By codicil dated February 26, 1907, testatrix gave her gardener John Zane, $1,000, and her maid Mary O'Brian, $5,000, and then bequeathed to her executors all her estate, real, personal and mixed, for certain trusts therein stated.

The preamble of the second codicil was as follows:

"I, Ann P. Mifflin, in the exercise of every power in me vested in law or by appointment under will or otherwise, do make this as and for a further codicil to my last Will and Testament made June 14th, 1899, to which I have already made a codicil on May 1903, hereby republishing and intending to republish the same in every respect, except as herein and hereby modified, altered and amended."

The auditing judge GUMMEY, J., allowed the legacy of Lily Sturgis Mifflin amounting to $12,347.92 as provided by the first codicil, and the legacies to the two servants as provided in the second codicil.

Exceptions to the adjudication were dismissed by the court, in an opinion by LAMORELLE, J.

*Errors assigned* were in dismissing exceptions to the adjudication.

*Malcolm Lloyd, Jr.*, with him *Reynolds D. Brown*, for pellant.—The second codicil read by itself makes a com-

plete disposition of the testatrix's entire estate, and for that reason, the entire disposition contained in the first codicil is impliedly revoked. Unless the gift of the money in bank contained in the first codicil is revoked, there is no fund out of which the pecuniary legacies contained in the second codicil can be paid, and they will fail on that account: Pittman's Est., 182 Pa. 355.

*Maurice Bower Saul*, with him *John G. Johnson*, for appellee, cited: Sigel's Est., 213 Pa. 14; Miller's App., 113 Pa. 459; Reimer's Est., 159 Pa. 212; Walker's Est., 3 Rawle, 229; Storey's Est., 13 W. N. C. 99; Willard's Est., 68 Pa. 327; Welch's App., 28 Pa. 363; Barrett's Est., 22 Pa. Superior Ct. 74.

*Matthew Randall*, with him *Frank J. Bradley*, for Nora E. Walsh, administratrix of the estate of Mary O'Brien, deceased, appellee, cited: Cheetham v. Muhlenberg, 133 Pa. 309; Parker's App., 61 Pa. 478; Ludlam's Est., 13 Pa. 188; Cumming's Est., 1 Pa. Dist. Rep. 485; Welch's App., 28 Pa. 363; Fleming's Est., 10 Pa. Dist. Rep. 259; Nolen's Est., 19 Pa. Dist. Rep. 660.

OPINION BY HENDERSON, J., March 1, 1912:

By the second clause of the first codicil to her will the testator bequeathed to Lily Sturgis Mifflin "all my money on deposit in any bank or Trust Company whether in my name or in the name of my daughter-in-law Lily Sturgis Mifflin," and by the first and second clauses in the second codicil she bequeathed to John Zane and Mary O'Brian $1,000 and $5,000 respectively. In the same codicil and by the third clause she devised and bequeathed to her executors all of her estate real, personal and mixed in trust for the purposes therein set forth. The appellants contend that by the last recited provision the legacies to Mrs. Mifflin, John Zane and Mary O'Brian are revoked and that distribution should not be made to them as legatees. The second codicil, it is said, when read by itself constitutes a complete dis-

position of the estate and was intended by the testator to so dispose of her property. The reasoning adopted is based on the terms of the third paragraph of the second codicil by which the testator disposed of "All my estate real, personal and mixed, to have and to hold the same to them, their heirs and successors, in trust nevertheless," etc. This position necessarily requires the appellants, however, to ignore an important preceding part of the codicil in which the instrument under which they claim is declared to be: "A further codicil to my last will and testament made June 14, 1899, to which I have already made a codicil on May, 1903, hereby republishing and intending to republish the same in every respect except as herein and hereby modified, altered and amended." Immediately following this declaration of republication come the bequests to Zane and O'Brian and the general devise and bequest to the executors. It is evident, therefore, that whatever may be the effect of the last codicil the testator intended to reaffirm and republish her will and the first codicil in all the respects in which their provisions were not revoked by the second codicil. The will and the codicils are to be read together, and all the parts which are not inconsistent with the latest expression of the testator's intention are brought down to the date of the last codicil and are to be given effect. A new will revokes a former will, but a codicil ratifies the preceding will except as to the changes expressly indicated. A revocation is not to be presumed in the case of a codicil. It is only when they are irreconcilably contradictory that the dispositions contained in a codicil revoke those made by the will or a preceding codicil: Price v. Maxwell, 28 Pa. 23; Sigel's Estate, 213 Pa. 14. It is necessary, therefore, to take into view the will and both the codicils to ascertain the intention of the testator. It is admitted that there is not an express revocation of the bequest to Mrs. Mifflin and if the legacy which she took under the second codicil is to be regarded as revoked such a conclusion must be reached because of the implication arising from a necessary antagonism between the third clause of

the second codicil and the second clause of the first codicil. While the terms of the third clause of the second codicil are general they are to be construed with reference to the immediately preceding legacies to Zane and O'Brian and the legacy to Mrs. Mifflin. From the elaborate provisions contained in the second codicil with reference to the distribution of the trust estate and the provisions of the first codicil it is evident that the testator had in mind in the creation of the trust three divisions of her property: one known as the Mifflin estate property; another, the Large. Estate property and the third, the accumulated income estate. A careful reading of this codicil gives a strong impression to the reader that when the testator made provision for the creation of the trust she had in mind only the property for the management and distribution of which under the trust she makes provision. No account is there taken of the property which Mrs. Mifflin was to receive under the second clause of the first legacy. In this view of the case the testator in disposing of all of her estate had in mind all of the residue of her estate and the distribution under the trust was in effect the disposal of the residuary estate. This view is the more obvious when the first, second and third clauses of the second codicil are read together. If the interpretation contended for by the appellants is to prevail we have the testator giving in one breath to her gardener $1,000 and to her maid $5,000 and in the next breath revoking these bequests and giving the whole of her estate to numerous devisees and legatees. This is so inconsistent with the ordinary processes of the mind that the testator should not be charged with such inconsistency except under the clearest necessity, and that necessity does not arise when it is seen that the analysis made by her of the property which she proposed to distribute under the trust provision of the codicil does not include the fund bequeathed to Mrs. Mifflin and is made concurrently with the bequests to her domestic servants. It is a well-known principle that a gift once made by will is not to be cut down by a subsequent codicil unless the intention of the testator

to that effect clearly appears or a necessary implication arises. A codicil should be so construed as to give effect to all the provisions of the will if that can possibly be done. It may appear that a clause devising and bequeathing property is a residuary clause although the technical description is not expressed. The word "residue" is not necessary if the intention of the testator is otherwise made reasonably apparent. "The 'residue' of a man's estate, in testamentary language, means whatever is not specifically devised or bequeathed, and in whatever part of a will it may happen to be found it ought to have that meaning, unless the whole will taken together shows clearly that it was not so intended:" Willard's Estate, 68 Pa. 327. We regard the legacy to Mrs. Mifflin as specific. It was a gift of all the money which the testator had on deposit in any bank or trust company. The legacy and the fund were therefore the same. The property was identified and the legatee took the whole of it: Welch's Appeal, 28 Pa. 363; Barrett's Estate, 22 Pa. Superior Ct. 74. A consideration of the second codicil with reference to the Zane and O'Brian legacies leads to the conclusion that they were intended to be subsisting bequests, notwithstanding the general terms of the third clause, and that what the testator intended to describe in this clause was the estate which was not otherwise disposed of to the appellees. The conclusion of the learned auditing judge of the orphans' court is well supported by reason and precedent.

The decree is affirmed at the cost of the appellants.