From Gerritt E. Gardner, Montrose, Pa.

---

## Schuylkill County v. Gruhler.

*Public officers—County treasurer—Compensation—Allowance on hunters' licenses—Increase of compensation—Constitutional law—Act of May 10, 1921, amending Act of April 17, 1913.*

1. The Act of May 10, 1921, P. L. 432, amending the Act of April 17, 1913, P. L. 85, appointing the county treasurer as agent of the State to issue hunters' licenses, and allowing him 10 cents on each license issued, is not unconstitutional as violating article xiv, section 5, of the Constitution.

2. The fact that the constitutional provision requires the county treasurer to pay the fees of his office into the county treasury, does not prevent the Commonwealth from appointing the treasurer as its agent to collect fees payable to the Commonwealth and allowing him compensation for collecting the same.

Case stated. C. P. Schuylkill Co., Jan. T., 1923, No. 47.

*Charles A. Snyder, A. L. Shay* and *E. D. Smith,* for plaintiff.

*Henry Houck,* for defendant.

BERGER, J., Dec. 11, 1922.—In this amicable action of *assumpsit* the parties have entered into a case stated, each reserving the right of appeal. The defendant, Christian Gruhler, being the County Treasurer of Schuylkill, a county with a population in excess of 150,000, in the year 1921, subsequent to Sept. 2nd of that year, issued 12,569 hunters' licenses, and out of the fees paid for issuing the same retained 10 cents on each license issued, amounting to $1256.90, which he claimed as his own. In like manner, in 1922, out of an issue of 11,823 hunters' licenses, $1182.30 was retained by him. A special deposit of the aggregate, $2439.20, was made, which, with interest thereon to Nov. 6, 1922, amounts to the sum of $2476.12, of which the ownership is to be determined by the judgment in this case.

The defendant rests his claim of ownership to these fees on the Act of May 10, 1921, P. L. 432, which is amendatory of the 8th section of the Act of April 17, 1913, P. L. 85. The plaintiff contends that the amending act is unconstitutional, and, if constitutional, that it does not by its terms make the individual (Gruhler, the defendant), who is for the time being the county treasurer, an agent of the State for the collection of hunters' license fees. Under the 8th section of the Act of 1913, it was held that the county treasurer could not retain as his own the sum of 10 cents allowed for collecting the fee required to be paid for each hunter's license issued by him, but that all such fees were an earning of his office—by virtue of article xiv, section 5, of the Constitution of Pennsylvania and the Act of March 31, 1876, P. L. 13— which had to be paid into the county treasury, and could only be drawn upon

Schuylkill County *v.* Gruhler.

by him as an earning of his office in payment of his fixed salary. The reason for the construction placed upon the Act of 1913, in denying the treasurer's right to retain the fees which he claimed for his individual use in Schuylkill County *v.* Wiest, 257 Pa. 425, 431, was stated by Mestrezat, J., in these words: "The Act of 1913 does not appoint county treasurers as agents of the Commonwealth to collect the license fees, nor does it authorize them to apply to their own use the money retained for such services. The presumption is that when an officer receives money for services rendered in his official capacity, it is as compensation for the performance of duties as such officer. If Wiest had not held the office of county treasurer, he could not have issued the hunters' licenses or collected the license fees, and, necessarily, could not have retained the designated fees for the services. He, therefore, holds the fees, received as compensation, in his official capacity as county treasurer, and under the constitutional and legislative mandates, he must account for them to the County of Schuylkill."

The plaintiff's contention that the Amendatory Act of 1921 is unconstitutional proceeds upon the theory that the spirit of article XIV, section 5, of the Constitution forbids the legislature from making a county officer a paid agent of the Commonwealth for the collection of moneys due it, because the effect of such legislation, it is contended, in counties having a population in excess of 150,000, is to augment the salary of those county officials who are thus authorized to retain fees for their own use for services rendered in making collections for the State. Guided by the opinion of the court in Luzerne County *v.* Morgan, 263 Pa. 458, we fail to find any limitation upon the power of the State in the selection of its agents arising out of article XIV, section 5, of the Constitution; for in that case it is said by Brown, C. J. (pages 460-461), that: "All moneys received by a salaried county officer, whether styled fees or commissions, for services which he renders as such officer, belong to the county by the express words of our Constitution. There are, however, no words in that instrument prohibiting the legislature from appointing as the suitable agent of the Commonwealth, for the collection of revenues due it, and paying him for his services, one who, for the time being, may be a county officer, but who, as the agent of the Commonwealth, will render service to it alone, separate and distinct from any duty imposed upon him as a county official." See, also, Bachman's Appeal, 274 Pa. 420, 424, 425 (No. 32, Advance Reports).

The language used in the Act of 1921, to make the county treasurer the Commonwealth's agent for the collection of hunters' license fees, and authorizing him to retain 10 cents out of each license fee collected for his compensation, is substantially the same as that used in the Act of May 14, 1891, P. L. 59, making the register of wills the Commonwealth's agent for the collection of collateral inheritance tax, and authorizing him to take a certain percentage of the tax collected for his compensation, which it was held in Luzerne County *v.* Morgan, 263 Pa. 458, the register was entitled to retain for his own use. We are of the opinion, therefore, that the defendant has been expressly designated by the Act of 1921 as the agent for the Commonwealth in the collection of hunters' license fees, and that the compensation provided for such services has by that act been given to him in his individual capacity; hence, judgment in favor of the defendant must follow.

And now, Dec. 11, 1922, judgment is hereby directed to be entered against the County of Schuylkill, in favor of Christian Gruhler, in the sum of $2476.12.

From M. M. Burke, Shenandoah, Pa.