## Vernier's Estate.

*Wills—Codicils—Construction of will and codicil.*

By will dated Sept. 29, 1894, testator devised to his wife the net rents of all his estate, with certain exceptions, and gave his residuary estate to his children, naming them, "share and share alike, on and immediately after the decease of my said wife," and after further provisions, immaterial to the present question, he directed that if any of the "above mentioned heirs" should die before his wife, then the rents, issues and income arising from the share of such deceased heir should go to the heir's wife so long as she remained his widow, and after her death or remarriage, whichever event should happen first, they should go to his children, if any survived him; otherwise, to be divided between testator's surviving children. By a codicil of Sept. 26, 1903, which testator declared should be taken as a part of his will, he devised a number of houses to his sons, among others, No. 3144 North 8th Street, to E. He then directed that these properties were to be clear of all encumbrances, and gave instructions as to the sale of other properties for the benefit of these devisees, suggesting that if the amount produced by the sale of the homestead was not enough for this purpose, his executors should sell the property on Wylie Street, and that "if then is eney left pay of mortgage on other property after my wife and my death," etc. E. died without issue before the widow. After the widow's death a petition for the special allowance of $5000 was filed by E.'s widow: *Held*, that the will and codicil were to be construed as one instrument, and that E.'s devise was divested by his death without issue in the lifetime of testator's widow, and that the substitutional gift to E.'s widow for life, with remainder to testator's other children, thereupon took effect, and that, therefore, the petition should be dismissed.

Petition for special allowance of $5000 under section 2 of the Intestate Act of 1917, P. L. 429, and exceptions. O. C. Phila. Co., April T., 1923, No. 1388.

*Earl W. Thompson*, for petitioner; *John Weaver*, contra.

GEST, J., Dec. 28, 1923.—William F. Vernier died Nov. 23, 1906, leaving a widow, Cornelia; four sons, William, Eugene, George and Thomas Vernier, and a daughter, Emma. Of these, Eugene died intestate and without issue Sept. 9, 1918, and the widow, Cornelia, afterwards died in May, 1922. Nellie M. Vernier, the widow of Eugene, presented her petition to this court in May, 1923, under section 2 of the Intestate Act of 1917, reciting that William F. Vernier, by his will, devised premises No. 3144 North 8th Street to his son, Eugene, and praying that the same should be set aside for her on account of her special allowance of $5000 under the above statute. The real estate was appraised as of September, 1918, at $2500, whereupon exceptions were filed by William, George, Thomas and Emma Vernier on several grounds, the only exception, however, that we need consider being that the will of William F. Vernier vested no title in his son Eugene to these premises. It is, therefore, necessary for us to construe the will of William F. Vernier and the codicil thereto.

By his will dated Sept. 29, 1894, which presents no difficulty, the testator devised to his wife Cornelia all the net rents of all his estate, except No. 3976 Wyalusing Avenue, for her life or widowhood; devised No. 3976 Wyalusing Avenue to his daughter Emma for life, with remainder at her death to all the testator's children, share and share alike, etc., and his residuary estate, real and personal, he gave and devised to his children, Emma, William, Eugene, George and Thomas, "share and share alike, on and immediately after the decease of my said wife," and, after further provisions, immaterial to the present question, the testator provided: "That if any of the above mentioned Heirs shall have deceased previous to my said wife, leaving a wife, then the Rents, Interest and Income arising from said deceased share to go to his wife so long as she remains his widow and after her death or remarriage which-

ever event shall first happen then to go to his children if any survive him otherwise to be divided between my surviving children." By a codicil dated Sept. 26, 1903, which the testator declared should be taken as a part thereof, the testator directed as follows: "I give and bequeath to my son Thomas, House No. 3140 Nth. Eight Street to my Son George House No. 3142 Nth. Eight Street to my son Eugene, House No. 3144 Nth. Eight Street and House No. 3150 to my son William H. Vernier. Theas Properties are to be clear of all incumberances. The Homestead at Hammonton is to be sold and money to be taken to pay of Mortgages on those four houses Nos. 3140-42-44-50 Nth. Eight Street if the amount is not enough sell No. 1842 Wylie Street that purpose if then is eney left pay of mortgage on other property after my wife and my death Houses Nos. 3972-74-76 West Phila. on Wyalosing Street, Houses Nos. 2613-15 on Warneck Street, House No. 868 Bucknel St., House No. 2913 Nth. Fairhill Street, House No. 4821 Greenway Aveneu West Phila. The income of these Eight Houses after paying all expenses each year the Balance is to pay my daughter Emma A. Vernier the sum of Fifty ($50) Dollars per month as long as she lives and single if she get married then she gett her regular shaire of my estate," with further provisions which do not seem to be material to the present question.

It is argued in behalf of the widow of Eugene Vernier that by this codicil William F. Vernier specifically devised premises No. 3144 North 8th Street to his son Eugene, and that, even if his widow, Cornelia, was given a life estate, that the remainder was vested in Eugene, although he died prior to his mother.

It is well settled by repeated decisions that, while the province of a codicil is to alter the will, yet that the codicil and the will should be construed together; that the codicil revokes the will only so far as it is inconsistent therewith, and that the codicil republishes the will as of the later date, Sigel's Estate, No. 1, 213 Pa. 14; Billings's Estate, No. 1, 268 Pa. 67; Schattenberg's Estate, 269 Pa. 90; Ball's Estate, 276 Pa. 299; Mifflin's Estate, 49 Pa. Superior Ct. 605, and this unlettered testator evidently approved of this principle of testamentary construction, for he takes pains to say that his codicil is to be taken as a part of the will. If this is so, it is impossible to resist the conclusion that the specific devises contained in the codicil were subject to the life estate given to the wife of the testator in "all my estate that I may die possessed of." It would indeed be strange if the testator, whose will thus showed his primary solicitude for his wife, should, by his codicil, ignore her with respect to this and other real estate by devising the same to his sons, and even direct his homestead to be sold to pay off encumbrances thereon, and, indeed, he adds: "If the amount is not enough to sell No. 1842 Wylie Street that purpose if then is eney left pay of mortgage on other property *after my wife and my death.*" We are, therefore, convinced that the devise to Eugene Vernier is subject to the above provision of the will respecting the testator's widow.

Nor is the second ground of exception more substantial. The will clearly shows that the residuary gift to the children after the widows' death was not vested under the final part of the residuary clause above quoted. The testator provides for the death of a child before that of the widow, and in that event gives to the son's widow the rents during her widowhood, and after her death or remarriage to his children, if any survive him, otherwise to be divided between the testator's surviving children. Nellie Vernier is, therefore, entitled to her share of the rents for life or widowhood, but as Eugene

4 D. & C.

Vernier's Estate.

died without issue, the rents, etc., thereafter go to the surviving children, and as this is without limitation of time, the devise of rents is equivalent to a fee: Beilstein v. Beilstein, 194 Pa. 152; Bergdoll's Estate, 11 Dist. R. 699.

The paper-books of both the learned counsel contain statements of fact not contained in the pleadings, but none of them appear material, so we have not considered them or thought it necessary to appoint a master.

As we conclude that the premises in question were not the property of Eugene Vernier, the petition of his widow to have the same set apart as her special allowance is dismissed.