## Golze's Estate.

*Larzelere & Wright*, for appellant; *E. F. Slough*, contra.

HOLLAND, P. J., July 9, 1929.—On Jan. 13, 1927, a will of testatrix, under date of Oct. 29, 1926, was admitted to probate by the register of wills and letters testamentary granted thereon to E. S. Lower, the executor named therein.

Among the effects of decedent was found a testamentary paper, under date of Feb. 18, 1926, wherein Wallace G. Root and Viola M. Lower were named as residuary beneficiaries. The latter two appealed from the probate of the will of Oct. 29, 1926, having perfected their appeal Oct. 31, 1928.

June 18, 1928, said appellants filed their petition, praying that the appeal be sustained and the probate of the will of Oct. 29, 1926, be opened so that the will of Feb. 18, 1926, may be considered for probate by the register. The citation awarded was duly served on all the beneficiaries under the terms of both of the wills and upon the next of kin. An answer was filed Nov. 23, 1928, by Orlow Root and Lydia M. Troup, the heirs of said decedent under the intestate laws.

A copy of each of said wills is attached to the petition.

The question is whether two separate and distinct testamentary writings can stand together and constitute a will. The will of Oct. 29, 1926 (hereinafter referred to as the later will), does not expressly revoke the will of Feb. 18, 1926 (hereinafter referred to as the former will), nor does it revoke generally all former wills. The later will does not dispose of the residue of the estate, so that, were it to stand alone, the decedent would die intestate as to the residue.

Two separate and distinct wills may be probated and the one of former date will stand, except in so far as it is revoked by the later will: Nelson's Estate, 147 Pa. 160.

Two wills may be admitted to probate and both allowed to stand if the later one does not revoke the former and they are compatible, as where one disposes of one part of testator's property and the second disposes of other property: Gensimore's Estate, 246 Pa. 216.

The proponents of the later will cited Mifflin's Estate, 49 Pa. Superior Ct. 605; Price v. Maxwell, 8 Pa. 23; Jones v. Murphy, 8 W. & S. 275; Teacle's Estate, 153 Pa. 219; Hoffner's Estate, 161 Pa. 331; Marshall v. Marshall, 11 Pa. 430.

The theory of the authorities so cited by both the appellants and the said proponents and that of the additional authorities which we have consulted is the same. They all proceed upon the assumption that two or even more wills of a testator may be probated and stand together and that the court may determine the testamentary intent from them all taken together.

The former will will fall in its entirety, however, if the later will expressly revokes it or if the later will expressly revokes all former wills by the testator theretofore made. Or if the later will so completely disposes of all of his property as to impliedly revoke the former will in its entirety, the former will falls and need not be probated at all. But if there is no complete revocation of the former will by the later one, either express or implied, then the later one revokes the former one only in so far as the former one is inconsistent with the later one.

In the case at bar, the testatrix in the former will made a complete disposition of all her property, expressly and clearly disposing of the residue thereof. In fact, it consists practically of a residuary clause and a clause appointing the executor. In the later will testatrix does not expressly revoke the former will, nor is there any express revocation of all former wills. She only provides certain specific bequests and names a different executor. In the later will she does not dispose of the residue of her estate.

To say that a testatrix intended to die intestate as to the residue of her estate is a contradiction of terms.

The later will, therefore, revokes the former one only in so far as the former will is inconsistent with the later; that is, the former will is revoked only so far as may be necessary to pay the specific bequests provided in the later will, after which the residue should pass as provided by the former will.

We are of the opinion that both wills should be admitted to probate and stand together as the last will and testament of the decedent. The will of Oct. 29, 1926, has already been probated and letters testamentary were properly granted to the executor named therein. The will of Feb. 18, 1926, should also be admitted to probate.

And now, July 9, 1929, the appeal is sustained and the probate opened so that the register of wills may consider the admission to probate of the will of the testator of Feb. 18, 1926.

From Aaron S. Swartz, Jr., Norristown, Pa.