## Estate of P. L. Logan, Deceased.

Argued April 30, 1930.

Before TREX-
LER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM
and BALDRIGE, JJ.

*D. C. Jennings,* for appellants.—In order to remove
a trust from the taxing statutes, there must be shown
change of possession, title and enjoyment in the
grantor's life: Dolan's Estate, 279 Pa. 582; Kirk-
patrick's Estate, 275 Pa. 271.

*H. Stanley Douglass,* and with him *Cyrus E. Woods,*
Attorney General, and *Philip S. Moyer,* Deputy At-
torney General, for appellee, cited: Todd's Estate,
237 Pa. 466; Frazier's Estate, 67 Pa. Superior Ct.
362.

OPINION BY GAWTHROP, J., July 10, 1930:

By a deed of trust dated September 21, 1923, P. L.
Logan, husband of Rose Eymann Logan, transferred,
assigned and delivered to the Fidelity Title and Trust
Company, or its successors, certain stocks and bonds
of the value on that date of $30,705, in trust, (a) to
hold, manage, invest and reinvest the principal; to
collect the income therefrom and after paying the
expenses of administration of the trust, "to pay the
premiums due and payable on policies of life insurance
on the life of P. L. Logan, as per list hereto attached,

made part hereof and marked Exhibit 'B.' (b) After the payment of the premiums the balance of the income shall be paid to my wife, Rose Eymann Logan (sometimes known as Lottie Eymann Logan) for and during the term of her natural life, and upon her death to my children in the proportion and share, for and during the term of their natural lives, that my wife shall designate by her last will and testament, or other instrument, with the same effect ...... with the right in my children to dispose of, by his or her last will and testament, the fractional share of the principal of this trust fund upon which he or she received the income during his or her life. (c) In the event that the income should not be sufficient to pay the premiums, and in the judgment of my trustee it is advisable, I authorize and direct it to borrow sufficient moneys with the securities deposited hereunder as collateral to pay the premiums on the life insurance policies mentioned." The deed provided further that when there were no longer premiums payable on the insurance policies for any cause, all the income should be paid in the manner provided for the payment of the balance of the income after the payment of the insurance premiums; and that in the event of the failure of the wife to exercise her power of appointment under paragraph "B," the children living at the time of his death should be entitled to the income for their lives, with the right to dispose of their proportionate shares of the principal of the trust fund by will, and that upon their failure to exercise that power the principal should be paid to their heirs under the intestate laws. The deed contained no power of revocation, but it did contain the following clause providing for consultation between the trustee and the settlor in making investments: "During my lifetime, in the investment and reinvestment of funds derived from the sale of securities deposited hereunder, the trustee shall first

consult with me and any investments it shall make with my approval in writing or upon my written suggestion shall be good and legal investments for the purpose of this trust. In all other respects, however, any reinvestment of funds shall be made in securities such as are authorized by the laws of Pennsylvania as legal investments for trustees.'' The total amount of the three insurance policies was $60,000. In two of the policies the Fidelity Title and Trust Company was named as beneficiary and the right to change the beneficiary was reserved. In the other policy the wife was named as beneficiary and the right to change the beneficiary was not reserved.

P. L. Logan died August 11, 1928, testate, and appointed the Fidelity Title and Trust Company as his executor. The property held by the trust company under the deed of trust was not included by the executor in the inventory and appraisement of the testator's estate. But the Register of Wills of Allegheny County, as agent of the Commonwealth, appraised it as part of his estate for transfer inheritance tax purposes. An appeal from that action to the orphan's court was dismissed by the latter tribunal, which on June 12, 1929, entered a decree of distribution awarding the sum of $877.27 to the Commonwealth as the amount of transfer inheritance tax due on the estate. This amount included $614.10 on the corpus of the trust fund. The widow has appealed from the decree of distribution, and she and the executor have brought separate appeals from the decree dismissing the appeal from the appraisement. They were argued together and, as they raise the same question, they will be disposed of in one opinion.

The only question involved is whether the Commonwealth is entitled to tax on the corpus of the trust estate. The Act of June 20, 1919, P. L. 521, provides ''that a tax shall be and is hereby imposed upon the

transfer of any property, real or personal, or any interest therein or income therefrom, in trust or otherwise ...... (c) when the transfer is ...... by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death.'' What this statute taxes is the right of succession or the privilege of receiving at death the interest which ceased by reason of the death: Kirkpatrick's Estate, 275 Pa. 71; Dolan's Estate, 279 Pa. 582.

The transfer of September 21, 1923, ''was not made in contemplation of death within the legal significance of those words. It was not testamentary in character and was beyond recall by the decedent'': May v. Heiner, 281 U. S. 238, 74 L. ed. 274. It was stated in Dolan's Estate, supra, following earlier cases, that to escape the above quoted provision of the statute the conveyance must be such as parts with possession, title and enjoyment in the grantor's lifetime, and that when a transfer is made or intended to take effect either in possession or enjoyment after death and the settlor or grantor retains a grasp of the entire estate, as long as he lives, it cannot be said possession and enjoyment in the beneficiary takes effect prior to death. The Commonwealth admits, as indeed it must, that both the title to the trust fund and the possession thereof passed by the deed of trust to the trust company. Its contention is that the transfer was not intended to, and did not, have the effect of depriving the settlor of legal enjoyment of the fund during his lifetime. It urges that by directing the use of the income of the trust fund to pay the premiums on his life insurance policies he retained some enjoyment or beneficial interest in it; that the payment of the premiums from the income of the trust fund relieved him from personally meeting his obligations on those contracts. The court below adopted that view, stating

in its opinion that as the settlor placed his own property in trust and paid his life insurance premiums from it and retained the right to make his estate the beneficiary of two of his policies amounting to $35,-000, he failed to relinquish absolutely the enjoyment of the corpus of the property placed in trust, and that, therefore, the Commonwealth is entitled to tax on it.

Upon full consideration we have been forced to the opposite conclusion. It is well settled that if the settlor, under the deed of trust, retains the beneficial enjoyment of the property as long as he lives and his beneficiaries cannot come into the enjoyment of the estate created for their benefit until his death, the trust fund is subject to the payment of the tax: Spangler's Estate, 281 Pa. 118; Line's Estate, 155 Pa. 378; DuBois Appeal, 121 Pa. 368; Reish v. Com., 106 Pa. 521. In each of these cases the property held liable for tax remained substantially the property of the settlor and no beneficial interest passed to the ultimate beneficiaries until the death of the settlor. So it was held that in no proper sense of the word "enjoyment" did the conveyance take effect in enjoyment prior to the death of the settlor. The present case seems to be radically different upon its facts. Here the possession and ultimate enjoyment of the corpus passed from the settlor on the date of the deed of trust. He relinquished all control over the property except the right to be consulted with respect to the investment and reinvestment of the trust fund, which under Houston's Estate, 276 Pa. 330, is not a retaining of control of the property. He could not have received directly any of the income. All of the policies of insurance were irrevocably committed to the custody of the trustee. His estate was not the beneficiary in any of them and, although he had the right to change the beneficiary in two of them, he did not exercise it. It did not survive him: Weil v. Marquis, 256 Pa. 608. It became a dead thing and had no more effect upon the

disposition of the proceeds of the policy than an unexercised power of revocation in a deed of trust which does not alter the character of the estate granted. See Dolan's Estate, supra. It seems to us plain that under this deed of trust the settlor created a trust entirely for the benefit of his wife and children and that he had no intention of retaining and did not retain, any enjoyment in himself. Under one paragraph of the deed the trustee in its discretion was authorized to expend so much of the principal as "may be needed" for the comfort and well-being of the wife and children. The wife got the immediate benefit of the balance of the income after the payment of the insurance premiums. No interest in the property held under the trust was retained by the settlor and at his death there was no interest in it to pass from him to the living.

The decree of the Orphans' Court is reversed at the costs of the estate, and the record is remanded for further proceedings in conformity with this opinion.

BALDRIGE, J., dissents.