## Fister's Estate

William H. Schneller, for exceptant.
Wilson A. Wert, contra.

Gearhart, P. J., June 21, 1934.—Thomas G. Fister died on April 4, 1933, leaving a last will and testament dated March 14, 1933. Letters testamentary were issued to the accountant on May 18, 1933. The executor filed his account on December 1, 1933, to which exceptions were filed. . . .

The sixth exception is: "Under the last will and testament of the said Thomas G. Fister, deceased, there was an intestacy as to distribution and devolution of said estate."

The will in question is in the handwriting of the testator, written on two sides of the same paper. On the face side appear the five items which are followed on the opposite side by the signature of the testator and the date "May 14, 1928." Thereafter follows another item signed at the end "Thomas G. Fister, Mar. 10, 1930", followed by the signature of the two witnesses. Following the aforesaid provision is the portion of the will which gives rise to the contention of the exceptants that the decedent died intestate. The item is: "I, Thomas G. Fister do hereby make, publish and declare this to be my last will and testament. First: I appoint William J. Fetherolf as my executor for the faithful discharge of his duties, Thomas G. Fister." The exceptants contend that this latter item constitutes a separate will and revokes all other wills, this from the fact that the testator speaks of his last will, and since this latter will has no dispositive provisions the decedent died intestate with reference to the distribution of his estate.

It is to be observed that there is no revocation clause in what the testator denominates as his last will. It contains no dispositive clause. It merely appoints Thomas G. Fister as executor. Undoubtedly two wills may be admitted to probate and both allowed to stand if the latter one does not revoke the former and they are compatible where one disposes of one part of testator's property, and the second disposes of other property: Gensimore's Estate, 246 Pa. 216; Teacle's Estate, 153 Pa. 219; Price et al. v. Maxwell et al., 28 Pa. 23.

When the two wills are inconsistent with each other the latter revokes the former only so far as they are inconsistent unless there is an express clause of revocation: Teacle's Estate, supra; Hoffner's Estate, Anderson's Appeal, 161 Pa. 331; Nelson's Estate, 147 Pa. 160; Page on Wills (2d ed.), sec. 436; Ann. Cas. 1914A 123.

In the instant case the testator disposes of his estate in that portion of the probated instrument preceding the clause that gives rise to the interpretation contended by the exceptants. There is no inconsistency between the dispositive part of the instrument and the latter part appointing the executor. There are no words contained in the latter instrument which work repeal of the earlier part except it be the words "last will". In the circumstances here present we cannot find an intention on the part of the testator to revoke what precedes the clause causing the dispute. To do so we would have to infer that the testator intended to die intestate. If that was his intention he would hardly have taken the trouble to appoint an executor. It seems to us that this fact sheds some light on his reasons for appending the last clause.

Page on Wills (2d ed.), sec. 434 says:

"At the ecclesiastical law, the words 'last will' were held to show an intention to revoke an earlier testament of personalty . . . . This was based, in part, on the theory that there could not be two last wills and that the last will must necessarily supersede the earlier one. This reason may be grammatical, but it has little to do with law or actual life. Even the grammar may be saved by noting that testator may leave his last two or three wills instead of his two or three last wills. Common-law and equity tribunals refused to accept the ecclesiastical law view; and such words as 'last will' in a will of lands were held not to show an intention to revoke a prior consistent will. The ecclesiastical courts finally abandoned their original theory and adopted that of the common-law and equity tribunals, holding that such words as 'last will' did not of themselves show testator's intention to revoke all former wills; and this is the modern rule."

All of the provisions of the probated writing can be harmonized. Our mind

is led to the conclusion that the testator wrote the last portion of the instrument appointing an executor for the purpose of having him serve in that capacity to carry out the provisions of the writing he had earlier executed on the same sheet of paper, and not with the object of repealing his will. There is no intestacy in this view of the matter. . . .