Wilson Estate.

Argued November 14, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*F. Gilman Spencer,* Special Deputy Attorney General, with him *Arthur M. Cooper, Francis J. Gafford* and *George W. Keitel,* Deputy Attorneys General and *T. McKeen Chidsey,* Attorney General, for appellant.

*Robert E. Porter,* with him *Harold D. Greenwell, J. Montgomery Forster* and *Greenwell & Porter,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 3, 1950:

The Commonwealth has appealed from an assessment of transfer inheritance tax. The Orphans' Court of Philadelphia, two judges dissenting, sustained exceptions to the appraisement by the register of wills. There was allowed as an exempted deduction the balance due by decedent to a bank on his note, secured by collateral consisting, inter alia, of assigned life insurance policies. The policies were on the life of settlor and were payable to designated beneficiaries. The insured reserved the right to assign and to change the beneficiaries. Settlor died. His estate was solvent. The executors paid the debt out of assets of the estate which thus released the collateral, and the policies were re-assigned. The register ruled that when the insured assigned the policies as collateral for his debt, he thereby appropriated the proceeds of the policies (to the extent of the loan) to his estate and made them part of it. The learned hearing judge rejected this contention. He ruled, however, that the trust agreement disclosed an *intent* by the insured to pay his debt out of the insurance proceeds. The court in banc reversed. This appeal followed.

On July 27, 1945, settlor executed an *inter vivos* deed of trust wherein the insurance policies were made pay-

able to named trustees for the benefit of the *designated beneficiaries,* viz., named nephews and nieces and their issue. On the same day settlor executed his will (since probated), whereunder his residuary estate was devised and bequeathed to the same trustees as were named in the *inter vivos* trust deed, and for the same uses and trusts. The deed of trust was clearly identified by the will and referred to by it as being then in existence. The deed thereby became incorporated in the will and formed part of it under the doctrine of "incorporation by reference": *Baker's Appeal,* 107 Pa. 381; *Nelson's Estate,* 147 Pa. 160, 23 A. 373; *Galli's Estate,* 250 Pa. 120, 95 A. 422; *Grubb's Estate,* 263 Pa. 468, 106 A. 787; *Clark v. Dennison,* 283 Pa. 285, 129 A. 94; *Hogue's Estate,* 135 Pa. Superior Ct. 543, 6 A. 2d 108.

While the beneficiaries under the *will* and under the *deed* are the same individuals, the proceeds from insurance policies were not *thereby* blended with the assets of the estate. The same beneficiaries possess a different status under the will from that under the trust. The situation in this case is the reverse from that in *Myers's Estate,* 309 Pa. 581, 164 A. 611, and *Kenin's Trust Estate (No. 1),* 343 Pa. 549, 23 A. 2d 837. In the present case the insurance proceeds were made payable to *designated beneficiaries.* In *Myers's* and *Kenin's Estate,* the insurance proceeds were directed to be distributed *in accordance with the terms of settlor's will.* Such designation was ambulatory. The beneficiaries could only be ascertained *after death.* Such a designation is necessarily testamentary in character and the proceeds form part of settlor's estate. Proceeds of *life insurance policies* made payable to *designated beneficiaries* are exempted from transfer inheritance tax: Act of June 20, 1919, P. L. 521, Art. I, sec. 1, as amended by the Act of June 22, 1931, P. L. 690, 72 PS 2301. They form no part of the deceased insured's estate: *Weil v. Marquis,* 256 Pa. 608,

101 A. 70; *Townsend Trust,* 349 Pa. 162, 36 A. 2d 438; *Logan Estate,* 99 Pa. Superior Ct. 432.

The Commonwealth, in support of its contention that the insured appropriated to his estate the amount of the proceeds of the insurance necessary to pay the loan, *when he assigned the policies as collateral,* relies principally upon *Fidelity Trust Company, Admr., v. Union National Bank of Pittsburgh et al.,* 313 Pa. 467, 169 A. 209. In that case the facts were exceptionally complicated. They need not be herein recited. It will suffice to state that the insured, while insolvent, made fraudulent transfers of insurance policies *for the purpose of defrauding his creditors.* This Court, in an opinion by Mr. Justice LINN, directed the rescission of the fraudulent transfers and that the insurance fund be paid into the estate for the benefit of general creditors. See discussion of this case by Mr. Chief Justice MAXEY in *Kenin's Trust Estate (No. 1),* supra, p. 559 et seq. In the present case there was neither allegation nor proof of fraud. The settlor merely reserved the right to change his insurance beneficiaries and to assign the policies. When he assigned the policies *as collateral* for his loan, he did not thereby transfer the proceeds of the policies (to the amount of the loan) to his estate and thus subject them to transfer inheritance tax.

The learned hearing judge cited and discussed *Kershaw Estate,* 352 Pa. 205, 42 A. 2d 538. In that case a husband and wife purchased real estate, taking title as tenants by the entirety. They executed a bond and mortgage, and were therefore jointly and severally liable on the bond. The husband died. The wife thereupon became the sole owner of the encumbered real estate by survivorship. In assessing the transfer inheritance tax on the deceased husband's estate the widow claimed as a deduction the *full amount* of the bond. The Orphans' Court allowed one half the amount of the bond as a deduction. On appeal to this Court the action of the court be-

low was affirmed. As Mr. Justice HORACE STERN pointed out in his opinion: the decedent was, with his wife, personally liable on the bond, which liability continued after his death and constituted a debt of his estate; had collection on the bond been made from the estate, it would have had a right of *contribution* from the widow for one half; that the right of contribution was, therefore, a taxable asset. In that case the court below, therefore, correctly allowed such deduction in assessing the tax. But this is *not* the situation in the present case. Decedent (settlor) merely assigned the insurance policies *as collateral* for his loan. As with any other collateral, when a loan is repaid the collateral is returned to the owner. Had the creditor bank used decedent-settlor's insurance collateral to liquidate its loan, the designated insurance beneficiaries could have enforced their claim against the estate of the decedent under their right of *subrogation,* to the same extent as if they had been the original creditor.

The learned hearing judge assigned as the reason for sustaining the tax assessment his opinion that the trust deed disclosed settlor's *intent that the debt be paid out of the insurance proceeds.* With this we disagree.

In the *recital* of the deed it is stated that the trustee is to receive the proceeds of the assigned policies of life insurance (the collateral) *"after the claim or claims of the [bank] have been paid in full." Paid by whom?* If the debt was liquidated by the debtor, the trustees would receive the gross proceeds; if the principal proved insolvent then all the proceeds of the policies might be used, if necessary. If only part of such proceeds were used, it would be only the unused portion which would be returned to the trustees as part of the trust res. This is a reasonable construction of the clause which we adopt. Furthermore, the *habendum* in this deed was certain and definite. It does not contain the clause found in the recital. A grant in a deed cannot be dimin-

552

ished or qualified by the recital. Where, however, the recital and *habendum* clauses conflict the *habendum* prevails if it is certain and definite: *Ontelaunee Orchards, Inc., v. Rothermel et ux.*, 139 Pa. Superior Ct. 44, 50, 11 A. 2d 543, and cases therein cited. This was not the situation in *Pennsylvania Horticultural Society v. Craig*, 240 Pa. 137, 149, 87 A. 678 et seq., where the recitals in a deed clearly revealed the "general purpose" but did not conflict, however, with the *habendum*.

Decree affirmed at the cost of appellant.