## Clark *v.* Dennison, Appellant.

*Wills—Reference to extrinsic document—Probate.*

1. Reference in a will to an extrinsic document or writing incorporates the latter as part of the will itself, provided it is clearly identified and in existence at the time the will was written.

2. Where a testator gives to his son a piece of real estate in fee, and to his wife another piece of real estate for life with remainder to the son, and the son conveys his interests in both pieces

to his mother for a debt, to account to him at her option and on honor only if she felt satisfied that his debt had been repaid, and the mother without any reconveyance to the son, directs by her will that the will of her husband "shall be carried out according to its terms," the son takes both pieces of land mentioned in his father's will, as against the residuary devisee of his mother, to whom she gave the residue of her estate "not disposed of in her will or codicil."

3. Effect must be given, if possible, to every part of a will, and to all the words used by testator.

Argued March 16, 1925. Appeal, No. 57, March T., 1925, by defendant, from judgment of C. P. Mercer Co., Oct. T., 1919, No.. 157, on case tried by the court without a jury, in suit of William T. Clark v. M. L. Dennison. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Issue to determine title to real estate.

Case tried by the court without jury.   Before MC-LAUGHRY, P. J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff.   Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*T. A. Sampson,* with him *J. M. Hittle,* for appellant.— We have not found any decision in which a devise was made by a reference to an outside document such as occurs here.

All such references to an extrinsic document must show a clear intention to incorporate it, so as to designate the beneficiary by words of devise: Thompson v. Lloyd, 49 Pa. 127; Baker's App., 107 Pa. 381; Headley v. Renner, 129 Pa. 542; Butler's App., 37 P. L. J. 122; Zimmerman v. Zimmerman, 23 Pa. 375; Reyle's Est., 5 Pa. Dist. R. 416; Lucas's Est., 35 Pa. C. C. R. 305; Nelson's Est., 147 Pa. 160; Graybill v. Barr, 5 Pa. 441; Magoohan's

App., 117 Pa. 238; Bright's Est., 212 Pa. 363; Hunt's Est., 133 Pa. 260; Bowlby v. Thunder, 105 Pa. 173; Grubb's Est., 27 Pa. Dist. R. 187; Galli's Est., 250 Pa. 120.

The reference in the will of Mary A. Clark is too vague and indefinite to show an intention to incorporate her husband's will; it fails to indicate even remotely the particular "phrase or clause" appellee asks to have declared incorporated; it names no beneficiary and shows no intention to devise any specific property.

*W. C. Pettit,* with him *George H. Rowley,* for appellee. —If a properly executed will incorporates in itself by reference any document or paper not so executed, whether it be in form of a will or codicil, or of a deed or of a mere list or memorandum, the paper so referred to, if it was in existence at the time of the execution of the will and is identified by clear and satisfactory proof as the paper referred to therein, takes effect as part of the will: Thompson v. Lloyd, 49 Pa. 127; Headley v. Renner, 129 Pa. 542; Baker's App., 107 Pa. 381; Nelson's Est., 147 Pa. 180; Galli's Est., 250 Pa. 120; Reyle's Est., 5 Pa. Dist. R. 416.

OPINION BY MR. JUSTICE FRAZER, April 20, 1925:

Patrick Clark died in 1899 leaving a will in which he devised one of the pieces of real estate involved in this proceeding to his son, William T. Clark, in fee, and the other to his wife, Mary A. Clark, for life, with remainder to William T. Clark in fee. He appointed his wife and son executors of his estate. In 1902, William T. Clark, being indebted to his mother in the sum of $3,000, conveyed to her all his real estate, including that which had been devised to him in fee and in remainder by his father's will, and at the time his mother signed an agreement, which recited that William T. Clark, being heavily indebted to her, had deeded the property in payment of such indebtedness, and providing that, in event the

property should produce more than sufficient to repay to her the amount due her, together with all sums advanced by her, with interest, costs and expenses, she would then hold the remainder, if any, in trust for him, but that she was "to be trustee on honor only" and to account only at her option, the son "relying solely on the natural love of [his mother] ......to account in case she shall at any time feel satisfied that her claims have been fully paid and satisfied and that a balance remains which in good faith belongs to" the son. Later certain personal property which had been included in the conveyance from her son, was sold by the mother for a sum which, together with other income received, was sufficient to repay to her the amount he owed. Defendant argues that the money so received was not properly credited on the son's indebtedness but should have been applied for reimbursing Mrs. Clark for money advanced to her husband's estate and that the son was more heavily indebted to his mother at her death than at the time the property was transferred, and no obligation existed on her part to restore the property in dispute. We deem it unnecessary to discuss this question because testatrix had the right to return the property if she saw fit regardless of whether or not her son had paid his indebtedness to her.

Mary A. Clark died in 1916, leaving a will in which she stipulated that "the will of my late husband Patrick Clark, duly probated and recorded, I direct shall be carried out according to its terms." There was no residuary clause in her will, nor was there any other provision disposing of the properties conveyed to her by her son; by codicil, however, executed eighteen days later, she gave the residue of her estate "not in my said will or this codicil disposed of" to her son-in-law, M. L. Dennison, the present defendant. The latter claims the property in question under this residuary clause, while plaintiff claims it passed to him under the provision

directing that the will of Patrick Clark be carried out in accordance with its terms.

The first question which arises is whether the reference by Mary A. Clark to the will of her husband is sufficient to incorporate the provisions of the latter as a part of her own will. While there has been some conflict of authority in the various jurisdictions, the general rule established by the English decisions and followed in the majority of American jurisdictions, including Pennsylvania, is that reference in a will to an extrinsic document or writing incorporates the latter as part of the will itself, provided it is clearly identified and in existence at the time the will was written. An exhaustive review of the English and many of the American decisions is found in Baker's App., 107 Pa. 381, where the question was whether a memorandum made below the signature of a will and referred to in the body of the writing became incorporated therein so as to permit it to be probated as part of the will. The court below refused to admit the entire writing to probate on the ground that if this were done the will would not be signed at the end as required by the statute. In reversing this conclusion and holding that the memorandum was sufficiently identified to be incorporated as part of the will, although the memorandum itself was not signed, it was said in the course of the opinion (page 389) : "It will not, we think, be seriously questioned, notwithstanding the provisions of the Act of 1833, that any relevant paper or writing, attached or detached, if there be no reasonable question as to its identity, or of its existence at the execution of a will, may be so referred to therein, as thereby to become incorporate with the provisions. No case in Pennsylvania has been cited by counsel, with the exception perhaps of Hauberger v. Root, 6 W. & S. 437, in which this rule is expressly asserted nor, in the somewhat hasty search we have made, do we find any in which the precise point is presented, but in England, and in the courts of some of the states,

under similar statutes, the doctrine is distinctly declared."

The court then reviewed the English cases on the subject and further said (page 391, quoting from Redfield on Wills, page 264) : " 'The cases already referred to show very clearly that a will required to be witnessed by two or more persons, or executed with any other prescribed formalities, may, nevertheless, adopt an existing paper by reference. And this is true of others, soon to be referred to, many of which were decided during the existence of statutes requiring such formalities, so that we cannot escape from the force of these cases by supposing they had reference, exclusively, to wills or personal estate, when no particular formalities were required under the earlier English statutes.'

"In our own State we find no case at variance with the doctrine of the cases stated; the rulings of this court on questions similar in effect and preliminary in their nature, to that under consideration, have, in every instance, been in conformity with the views here expressed."

In Thompson's Executors v. Lloyd, 49 Pa. 127, the testator devised certain real estate "together with other land which I have already conveyed by deed" to the devisee. The deed referred to had been signed but never in fact delivered in the lifetime of the grantor and therefore was inoperative as a conveyance. The court held that it might be taken into consideration in connection with the will to identify the property referred to therein. In the course of the opinion it is said (page 129) : "Wills often refer to deeds, bonds, and other instruments of writing which exist independently of themselves; and, to explain the intention of the testator, recourse is always had to the instrument referred to. It becomes in some sense a part of the will, and is to be taken in connection with it to get at the testamentary purpose."

The same principles were followed in Galli's Est., 250 Pa. 120, and Seiter's Est., 265 Pa. 202. In the former

case a testatrix left a will and other unexecuted testamentary writings containing statements which were necessary to ascertain the intention of testatrix and it was held that all the papers were properly admitted to probate as her will, following Thompson's Executors v. Lloyd, and Baker's Appeal, supra.

Under the above cases, it clearly appears testatrix adopted the provisions of her husband's will and by reference to it incorporated them in her will. It remains to consider only whether the two wills considered together show an intention on the part of testatrix to devise to the present plaintiff the property here the subject of dispute.

It is a well-understood rule of construction that effect must be given, if possible, to every part of the will and to all the words used by testatrix. What did testatrix mean by directing that the will of her husband should be carried out according to its terms? The words used could not refer to anything to be done under his will concerning the settlement of the estate inasmuch as that was controlled by law. Nor could they refer to any part of the estate given to testatrix by her husband's will, as such direction would be useless as gifts made to her were already hers under the provisions of his will. Clearly if the words are to be given any effect whatever, they must be construed as applying to such part of her husband's will, if any, which referred to property over which she had some control at the time of her death, and which, in absence of such control or interest on her part, would go to others under her husband's will. The only property meeting this requirement is the subject-matter of this proceeding. The husband's will devised it to William T. Clark, the son, one in fee and the other in fee subject to a life estate in testatrix. The son transferred his entire interest in the property to testatrix in payment of his indebtedness to her, subject to a "trust of honor" to return the property if the debt were paid in the future. It was accordingly optional with testatrix whether she

would reconvey the property. Whether the debt was paid or not is immaterial except as it may have some bearing on the question of the intention of testatrix. Regardless of such payment, the property devised to her son was then hers and within her absolute power of disposal and she evidently determined to permit the wishes of her husband to control, notwithstanding the conveyance by her son to her, and did this by merely directing the provisions of her husband's will be carried out.

This construction gives full effect to every part of the will of testatrix, and is not affected by the codicil which merely disposes of the remainder "not in my will or this codicil disposed of."

The judgment is affirmed.