## Hogue et al. v. Hogue, Appellant.

Argued April 20, 1934.

Before Trexler, P. J., Keller, Baldrige, Stadtfeld, Parker and James, JJ.

*Emrys G. Francis,* and with him *Louis J. Wiesen* and *Davis, Fruit & Anderson,* for appellant.

*C. E. Brockway,* of *Brockway, Whitla and McKay,* for appellee.

OPINION BY TREXLER, P. J., October 3, 1934:

Samuel Hogue in his last will dated December 10, 1924 provided in the second clause as follows: "Second: I give and bequeath to my children herewith named, George, Wesley, John, Ellen, Lou Chilson, the sum of $1,200 each. By reason of having recently deeded Azotus and Wylie farms I do not mention them in above bequests." The fourth clause of his will reads as follows: "I hereby direct that all live stock, farming implements, and all property not heretofore mentioned shall be sold and the proceeds divided, share and share alike, among all my children, including Azotus and Wylie, with the proviso that my daughter Ellen shall receive $500 first out of this sale, the balance to be divided as above mentioned."

The day before this will was made, to wit, December 9, 1924, the testator by deed conveyed the farms referred to in his will, one to Azotus and one to Wylie. These deeds were never delivered in his lifetime, but after his death were found in his deposit box and Azotus, the grantee in one of them, also being an executor of the will, obtained the deeds and gave one of them to his brother, Wylie and retained one, and both were recorded in the recorder's office. Two bills in equity, identical in form, were filed by the remaining children of Samuel Hogue against the grantees in the two deeds, above referred to, praying that the deeds be declared null and void and that they be cancelled by the recorder and that the said grantees be required to reconvey the lands to the executors so the same might be administered in accordance to the will, and that the respondents be enjoined from disposing

of the lands in the meanwhile and be required to account for the mesne profits.

Delivery was essential in order to convey the title. The court, therefore, was justified in declaring that the deeds standing alone conveyed no title, but in its decree decided "That the title to the same is now vested in those persons entitled to receive the same under the laws of the Commonwealth of Pennsylvania, and the last will and testament of Samuel Hogue, deceased, in the same manner as though the deeds had *never been made* or placed on record."

The jurisdiction of the court to cancel the recording of the deed was conceded by the defendant, but he argues even though ineffectual to vest title because of failure to deliver, it constitutes a document which may be taken with the will to find the intention of the testator, or under certain circumstances may be probated as a testamentary instrument. As stated, delivery was essential in order to convey the title, but the court did more than this; it decreed that the title to the lands mentioned in the deeds "vested in those persons entitled to receive the same under the laws of the Commonwealth of Pennsylvania and the last will and testament of Samuel Hogue, deceased, in the same manner as though the deeds had never been *made* or placed on record." It was not within the province of the judge, as the case was submitted, sitting as chancellor, to declare that the deeds were void for all purposes the same as if they had never been made. They may, as claimed by the appellant, still have some value when taken in connection with the will of Samuel Hogue as indicating his intention in regard to the real estate described in the undelivered deeds. See Thompson's Executors v. Lloyd, 49 Pa. 127; Galli's Estate, 250 Pa. 120, 95 A. 422 and Clark v. Dennison, 283 Pa. 285, 129 A. 94. However, the words employed by the court in the decree by which it is stated that the title

vests in those persons entitled to receive the same, leave the matter open for future determination, but in order to have the decree conform to the ideas herein expressed we will strike out the words "made or." The decree will thus be without prejudice to the defendant to urge his contention in the proper forum as to the effect of the deeds taken in connection with the will. We express no opinion as to that matter.

The decree is modified by striking out the words "made or" and so modified it is affirmed. Each party to pay his own costs.