**Katharine A. HOWELL, Executrix of the Estate of Louise Veech, Deceased, Plaintiff,**

v.

**A. J. DUDLEY, District Director of Internal Revenue, Defendant.**

**Civ. A. No. 14816.**

United States District Court
W. D. Pennsylvania.
May 29, 1957.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for plaintiff.

D. Malcolm Anderson, U. S. Atty., Pittsburgh, Pa., for defendant.

**572**

McILVAINE, District Judge.

The Court finds the facts as stipulated by and between the respective parties to this action as follows:

## Findings of Fact

1. Louise Veech (hereinafter called decedent) of Connellsville, Pennsylvania, died March 23, 1952, and letters testamentary were granted the plaintiff, Katharine A. Howell, by the Register of Wills, Fayette County, Pennsylvania, on March 27, 1952.

2. The plaintiff timely filed with the defendant, A. J. Dudley, District Director of Internal Revenue for the 23rd District of Pennsylvania, the Decedent's Federal Estate Tax Return; reported a net estate for additional tax in the amount of $169,017.80; and timely paid Federal estate taxes in the amount shown on the return of $39,508.98.

3. The plaintiff deducted $4,000 as a charitable bequest to Yale University under terms of a will dated January 27, 1949, which will, although it was not probated, was introduced at the audit of the decedent's estate and used to determine the distributive shares of the beneficiary. The said claimed bequest to Yale, less the Pennsylvania inheritance tax thereon in the amount of $600, was paid by the plaintiff to Yale University on June 1, 1953.

4. The defendant, through his agent, inter alia, determined that the aforesaid deduction of $4,000 was not allowable. As a result of such determination and of certain other adjustments not material to this case, plaintiff paid to the defendant, on June 14, 1955, an additional estate tax of $1,971.49 and paid to the defendant, on September 20, 1955, assessed interest of $233.85.

5. On November 17, 1955, plaintiff timely filed a Claim for Refund for $1,104 of the aforesaid amounts paid as additional estate tax and assessed interest, claiming the $1,104 to be due her because of the disallowance of the deduction of the aforesaid $4,000. On November 7, 1956, the plaintiff timely filed an Amended Claim for Refund asserting as additional grounds for refund of Federal estate taxes the fact that they shall incur additional legal fees and expenses in prosecuting her Claim for Refund before the Internal Revenue Service and the United States Courts. By letter dated November 13, 1956, from R. E. Karcher, Associate Chief, Appellate Division, Philadelphia Region, Bureau of Internal Revenue, United States Treasury Department, plaintiff was advised that the amended Claim for Refund would be disallowed in full and that a statutory notice of disallowance would be mailed at a later date. The parties hereto agree that when the Internal Revenue Service mails to the plaintiff a statutory notice of disallowance of the amended Claim for Refund, the Court will be furnished with a supplemental stipulation of facts so stating.

6. It is stipulated that defendant's Exhibit "A" is a true and correct copy of the First and Final Action, Petition for Distribution, transcript of the testimony, and of the Opinion and Decree in the Orphans' Court of Fayette County, Pennsylvania, in the Estate of Louise Veech, deceased. It is further stipulated that defendant's Exhibit "B" is a true and correct copy of the last will of Louise Veech, deceased, dated March 18, 1952.

7. The Commissioner of Internal Revenue, by registered letter mailed on February 21, 1957, issued a formal statutory notice of disallowance advising the plaintiff that her amended claim for refund of Federal estate taxes dated November 7, 1956, was disallowed in full.

8. The plaintiff has incurred expenses in prosecution of her claims for refund dated November 17, 1955, and November 7, 1956, through the Treasury Department and maintaining this action before the Court as follows:

| Expenses | Amount |
| --- | --- |
| Attorneys fees | $600.00 |
| Filing fees U. S. District Court | 18.40 |
| Pre-trial transcript | 5.20 |
| Total: | $623.60 |

## Conclusions of Law

In this case there are two issues presented to the Court for determination.

First is whether the executrix of this estate was entitled to a deduction as a charitable bequest under Section 812(d) of the Internal Revenue Code (1939), 26 U.S.C. § 812(d), of the sum of $3,400 which Yale University received. The applicable provision of the Internal Revenue Code provides as follows:

"Net estate

"For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\*   \*   \*   \*   \*   \*

"(d) Transfers for public, charitable, and religious uses. The amount of all bequests, legacies, devises, or transfers \* \* \* for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, \* \* \*."

The position of the Government apparently is that the gift to Yale University was not a charitable bequest. It appears to take the position that the beneficiary under the will was not obligated to make distribution to Yale. The will itself provided that the decedent "would like to leave everything to my niece, Miss Katharine A. Howell, to carry out my wishes as best she can as expressed in previous wills."

This will was duly probated and at the time of audit the question of a prior will was brought to the attention of the Orphans' Court, who under Pennsylvania Law has exclusive jurisdiction for the administration and distribution of the real and personal property of decedent's estate. Act of August 10, 1951, P.L. 1163, § 301 as amended. 20 Purdon's Pa. Stats.Annotated, § 2080.301.

That Court in its opinion held:

"Testatrix gave all of her property to her niece 'to carry out my wishes as best she can as expressed in previous wills.' A previous will dated January 27, 1948, has been presented. It was not probated along with the latter will, but the niece desires to carry out all of its provisions. Under the doctrine of 'incorporation by reference,' the provisions of the former will are valid and binding and the assets of the estate must be distributed in accordance therewith. David S. Baker's Appeal, 107 Pa. 381; [In re] Wilson's Estate, 363 Pa. 546 [70 A.2d 354]; Clark v. Dennison, 283 Pa. 285 [129 A. 94]; [In re] Sciutti's Estate, 371 Pa. 536 [92 A.2d 188]."

In its decree of distribution, dated July 22, 1953, the Orphans' Court awarded and decreed to Yale University the bequest of $4,000 less Pennsylvania Inheritance Tax of $600, and charged the same against a $3,400 advancement previously paid by the plaintiff to Yale University.

The plaintiff maintains that it should have been entitled to deduct this from the gross estate. We think the plaintiff is correct. In this case, it appears to this Court that the State Court has determined rights of parties to property which is involved in tax litigation. In this case Federal law has not imposed the qualification upon or criterion for the taxability or the deductibility of the property in question here, the charitable bequest. Congress has merely stated that a charitable bequest is deductible from the gross estate in determining the net estate. Congress has not said what is a charitable bequest. It has left this to the determination of the State Court, and under the law in this Circuit under the factual situation presented here: "the state judgment must be given conclusive effect in determining federal tax liability." Gallagher v. Smith, 3 Cir., 1957, 223 F.2d 218, 222.

The Government in its brief takes the position that even if the situation involved in the instant case falls within the classification that we have placed it, the decision of the Orphans' Court would not be of binding effect because it lacked

**574**

jurisdiction. It maintains that under the Register of Wills Act of 1951, the Register had the exclusive jurisdiction to probate wills and to decide questions relating thereto, unless the record has been certified by the Register to the Orphans' Court to decide any such question, and relies on the Register of Wills Act of 1951. 20 Purdon's Pa.Stats.Annotated, § 1840.101 et seq. However, as we have previously pointed out the distribution of this estate was a matter in the exclusive jurisdiction of the Orphans' Court. The Orphans' Court incorporated by reference the prior unprobated will. How it should have interpreted a will and ordered distribution is a question of state law and of which the Orphans' Court would have the greatest familiarity.

This Court refuses to believe, as the Government seems to contend, that the Orphans' Court would make an award of distribution obviously contrary to the law of Pennsylvania, and buttress this wrongful award by a discussion of his reasons for such distribution merely because the proceedings were non-adversary. What we might have done had we been sitting as an Orphans' Court Judge is not important in this case. We feel that under the rule set forth in Gallagher v. Smith, supra, the plaintiff is entitled to the deduction and, therefore, should recover Federal Estate Tax and interest in the sum of $1,104 which were erroneously assessed and collected.

The second issue is whether the plaintiff may deduct fees and expenses incurred in prosecuting this refund in computing the decedent's Federal Estate Tax. This Court is of the opinion that legal fees and expenses in prosecuting a claim for refund for Federal Estate Taxes through the Treasury Department to the District Court are deductible in computing the decedent's gross estate. See Plassey v. Kavanagh, D.C.E.D.Mich.1955, 132 F.Supp. 1.

Appropriate order for judgment will be entered and the parties are directed to supply the Court with a computation of the over-payment of taxes attributable to these deductions.