## Clapphanson Estate

*William H. Rivoir, Jr.,* for accountant.

*Melvin Alan Bank, J. Horace Churchman, Gilbert M. Cantor* and *Harry L. Jenkins, Jr.,* for claimants.

*Ralph C. Donohoe,* for Commonwealth.

BOLGER, J., March 30, 1959.—Decedent died March 3, 1949. This trust arose under his will dated August 20, 1948, a copy of which is annexed.

Testator gave his entire estate to the accountant, therein designated the Northwestern National Bank in Philadelphia, in trust to pay the income to his mother, Adaline Atkinson, with the right to employ as much principal as may be necessary to maintain and support her in comfort ". . . and from and after the death of my said mother, Adaline Atkinson, to pay the balance of principal remaining unto those persons who inherit

and take under the will of the said Adaline Atkinson executed simultaneously herewith."

The account has been filed because of the death of Adaline Atkinson on August 4, 1958.

Letters testamentary have been granted in her estate to Anna Rouse, James Meuner and Barrett G. Tawresey by the Register of Wills of Philadelphia County.

Transfer inheritance tax on the remainder interest has not been paid and all awards hereunder will be subject to such tax as may be assessed and found due.

Adaline Atkinson executed a will dated August 20, 1948, a copy of which is annexed. Under it she gave to her son, Josiah Clapphanson, also known as Jesse Clapphanson, income of that portion of her estate which she inherited from her sister, Caroline Blaker, and directed that upon his death the interest in her estate thus derived is to be divided among the children of Theodore Blaker, who is the husband of Caroline Blaker, and should there be no such children, the share of such deceased child is to go to the widow and child or children of such deceased child. She gave her residuary estate in trust to pay the income to her son, Josiah Clapphanson, for life and on his death directed that the property in which decedent and her son lived is to be sold to Anna Rouse and John Meuner or their assignees for $2,000. She gave principal of her residuary estate to John Culbertson, Jr., E. Dyre Culbertson, Anna Culbertson Dempsey, John Meuner, Lillian Barclay, Annetta Peck, Anna Morris and Anna Rouse or the survivor of them.

After the death of her son, Adaline Atkinson executed a will which is dated December 19, 1952. In it she gave Anna Culbertson Dempsey her green covered chair. She gave that portion of her estate which she inherited from her sister, Caroline Blaker, to the children of Theodore Blaker and directed that should any of the children be dead, the share of such child is

to go to the surviving husband or widow and child or children and should there be no husband or widow, the share of the deceased child is to be divided among the children of the deceased child per stirpes. She gave legacies of $1,000 each to E. Dyre Culbertson, Anna Culbertson Dempsey, Lillian Barclay, Annetta Peck, Anna M. Stewart, Mary M. Miller, Lester D. Van Devere, Harry Helms, John Karl, Elizabeth Cobb, Margaret Gettings, E. H. Jones, Annetta Selzer, Margaret Smith, Ida Johnson and St. Matthew's Church, 18th Street & Girard Avenue. She gave $4,000 each to John Meuner and Anna Rouse. She gave the property in which she lived at 721 North 19th Street and its contents to Anna Rouse, and her residuary estate in equal shares to John Meuner, Anna Rouse, E. Dyre Culbertson, Anna Culbertson Dempsey and Lester D. Van Devere.

The will of Adaline Atkinson dated August 20, 1948, was not at any time offered for probate.

The question for determination is whether the balance of principal in the estate of Jesse or Josiah Clapphanson is to be distributed in accordance with the writing of Adaline Atkinson dated August 20, 1948.

Counsel representing various parties have filed excellent briefs. All counsel agree that it was not the intention of this decedent to give his mother power of appointment. It is claimed, however, on behalf of certain devisees that since the 1948 will was not the last will of decedent, an intestacy results because there are no persons who now "inherit and take" under the 1948 will. It is agreed that if the 1952 will validly disposes of the remainder interest excepting for an unresolved question concerning transfer inheritance tax, the disposition will be the same as though the finding of the court is an intestacy for the reason that Adaline Atkinson at the date of the death of this decedent was the only heir.

In opposition to this claim, it is asserted by those persons who would benefit under the 1948 will that this decedent incorporated it by reference. Although decedent's mother had the right to change her will, which she did in 1952, she did not have the power to change the disposition of the present remainder interest. She could dispose of her individual estate in any manner she saw fit.

This contention is met by the objection that it was Jesse Clapphanson's intention as expressed in his will that only those persons who *would* "inherit and take" could receive any share of the interest.

I believe that the mother's will of 1948 was incorporated by reference. It meets the tests which have been required in many jurisdictions and in Pennsylvania as set forth in Clark v. Dennison, 283 Pa. 285. The mother's will of 1948 was in existence. It was referred to and clearly identified. So far as the words "inherit and take" are concerned, they do not speak to the future. There is nothing indicating an intention by this testator that the gifts in remainder would be contingent upon the effectiveness of the 1948 will or the actual receipt of legacies given by his mother from her own estate. He was referring to a present situation which conceivably could have become effective immediately following the execution of both wills. The words "inherit and take" in the instant will are synonomous with words frequently used in referring to another instrument such as "the same institutions as are set forth . . .": Hemingway Estate, 8 Fiduc. Rep. 356.

In construing any will, effect must be given, if possible, to every part of the will and no words should be rejected as surplusage: Hannach's Estate, 332 Pa. 145. In order to give to the disputed phrase "inherit and take" future or contingent meaning, it would be necessary to disregard the description of the 1948 will as being ". . . executed simultaneously herewith."

It is also important in the construction of a will that all doubts must be resolved against an intestacy: Siple v. Greumelli, 357 Pa. 237.

Although a will is effective only at death, the intent of testator governs concerning the indentity and value of the legacy. This is governed by the words of the will in relation to the circumstances surrounding the execution of the will: McFerren Estate, 365 Pa. 490. As to the identity of the beneficiary or the object of a legacy, a will speaks as of its date: Darrow Estate, 164 Pa. Superior Ct. 25.

At the time the present decedent executed his will, he fully comprehended the persons who were to receive legacies under his mother's will written at the same time. In the event that he should predecease his mother he adopted her beneficiaries with respect to the balance of his residuary estate. His death made this choice irrevocable.

It is not necessary to probate an instrument incorporated by reference: Page on Wills, sec. 266. Since there was no need for such probate in order to effectively carry out the terms of the 1948 will, it is not necessary to strictly construe the words "inherit and take" so as to import to them a meaning which would be the equivalent of receipt by will or devolution, especially in the light of the present existence of the 1948 will referred to as "executed simultaneously herewith".

Having decided that Jesse Clapphanson incorporated his mother's will, it is necessary to consider who are the persons entitled to receive and the extent of their legacies. As above indicated, Adaline Atkinson gave the income from that portion of her estate which she inherited from her sister, Caroline Blaker, to her son for life, and at his death directed that any balance of principal from such share is to be divided among the children of Theodore Blaker, with other provisions which need not be recited.

At this audit there is nothing presented to me to indicate whether Adaline Atkinson died possessed of any interest she might have inherited from her sister, Caroline Blaker, but assuming that she did, it was her intention that the interest in remainder was to go to the Blaker family as a demonstrative legacy. In a like manner, Adaline Atkinson authorized the purchase of her home by Anna Rouse and John Meuner or their assigns for $2,000. This, in effect, was a demonstrative legacy and relates solely to property belonging to testatrix. In item sixth of her will, having created a trust for the benefit of Jesse Clapphanson, therein described as Josiah Clapphanson, testatrix directed: "At the death of my said son, the principal of the residuary trust shall be paid as follows: . . . to eight named persons or the survivor of them share and share alike."

Jesse Clapphanson did not possess any interest he had received from his mother's sister nor did he own the particular real estate described in his mother's will as "the property in which we now live". At the time he incorporated the will of 1948 in his own, he recognized that two possible events might occur, viz., his mother's death or his own. When he died he gave his entire residuary estate in trust for the benefit of his mother and then directed that upon her death those persons designated in her 1948 will as residuary beneficiaries would have their share enlarged by having added to the residue of his mother's estate the balance of his own residuary estate.

This indicates a logical intent on the part of both his mother and testator to benefit the residuary legatees described in the 1948 will. I, therefore, find that persons described as remaindermen in the will of Adaline Atkinson and the survivors of them living at the death of Adaline Atkinson are entitled to distribution of the balance shown in this estate, subject to transfer inheritance tax.

It would appear that of the designated persons, John Culbertson, Jr., and Mrs. Lillian Barclay did not survive Adaline Atkinson. . . .

And now, March 30, 1959, the account is confirmed nisi.